GUIDRY, J.
Pin this redhibition suit, the dealership and manufacturers of a recreational vehicle (RV) appeal a judgment of the trial court granting the purchaser rescission of the sale.
FACTS AND PROCEDURAL HISTORY
On October 18, 2005, E.P. Services, Inc., (E.P. Services) which was wholly owned by Earl and Gail Percle, purchased a 2006 Itasca Suncruiser, gas-powered RV from Berryland Motors, LLC (Berryland) in Ponchatoula, Louisiana. The chassis of the RV was manufactured by Ford Motor Company (Ford), and the outer body of the RV was manufactured by Winnebago Industries (Winnebago). E.P. Services took possession of the RV on October 25, 2005.
In the week prior to Thanksgiving in 2005, Mr. and Mrs. Percle, along with their daughter, Priscilla, and two grandchildren took a trip to Pigeon Forge, Tennessee in the RV. About ten minutes outside of Chattanooga, Tennessee, the Percies began to hear a loud noise emanating from the rear of the RV. While in Tennessee, Mr. Percle sought to bring the RV to a local dealership, but because of the approaching Thanksgiving holiday, he was advised that if he felt comfortable driving the RV home, he should return home and then contact his local dealership following the holiday.
The Percies drove the RV home to Morgan City, and on the Friday after Thanksgiving, Mr. Percle again sought to have the noise in the RV diagnosed. Arrangements were then made to have the RV towed to Hollingsworth Ford in Baton Rouge. The RV was delivered to Hollingsworth Ford on November 29, 2005, where it was eventually determined that noise generated by the RV was caused by the rear differential. Thereafter, attempts were made to order the part of the rear differential that was not working correctly, but after sending the wrong part twice, Ford eventually sent an entire rear differential assembly to | (¡Hollingsworth. All parts and service were provided under warranty. Once the entire rear differential assembly was received, repair of the RV was commenced by elevating the RV on a wooden platform and “chocks” were wedged beneath the front and back wheels to keep the RV from rolling forward. Unfortunately, the chocks became unanchored and moved, causing the RV to drop and damage the right rear of the body of the RV. Following this accident, the RV was sent to Wooddale Truck Repair Service, Inc. (Wooddale), where the rear differential was replaced with the new assembly sent by Ford.
On April 28, 2006, E.P. Services filed a “Petition for Redhibition, Negligence and for Damages” against Winnebago, Berry-land and Ford. Also in that petition, E.P. Services named Hollingsworth-Richards, LLC, as a defendant, but by a later amended petition properly named River City Ford, Inc., doing business as Holl-ingsworth Richard Ford (Hollingsworth), as the proper defendant.
A trial on the merits of the E.P. Services petition commenced on June 14-15, 2011, then continued to October 12, 2011. Prior to resuming the trial in October, E.P. Services reached a settlement with Hollingsworth, and a judgment dismissing all claims against Hollingsworth was rendered by the trial court on the joint motion of E.P. Services and Hollingsworth. Following the presentation of the last of the evidence, the trial court rendered judgment against Berryland, Ford and Winne *553 bago (collectively “defendants”) and rescinded the sale of the RV. The trial court further awarded E.P. Services $351,997.06 in damages for the purchase price of the RV, tax on the purchase, attorney fees, interest on the RV note, and insurance paid on the RV note. The defendants have suspensively appealed the judgment.
ASSIGNMENTS OF ERROR
In bringing this appeal, the defendants assert that the trial court committed the following errors in rendering judgment:
Ji-
The trial court erred in determining that a redhibitory defect existed. The evidence in the record does not reasonably support the finding that there was a lack of sufficient lubrication/oil in the rear differential
II.
Even assuming the existence of a red-hibitory defect in the rear differential, the trial court still erred in rendering judgment against [the defendants] because the entire rear-end assembly was successfully replaced/repaired before this case was filed. In the alternative, the trial court erred in rescinding the sale of the motor home, as opposed to allowing a claim for diminished value. Under Louisiana law, a one-time malfunction of a part, properly repaired, does not rise to the level warranting rescission of the sale.
III.
The trial court erred in relying upon the “additional problem” created by the “intervening dropping of the vehicle by a co-defendant, the Hollingsworth Ford Dealership,” as grounds to rescind the sale. Under Louisiana redhibition law, additional problems that occur after the alleged defective part is replaced by the manufacturer do not permit rescission of the sale.
IV.
The trial court erred in awarding all attorneys’ fees against [the defendants], including those incurred by EPS in pursuing claims against Hollingsworth-Riehards Ford for negligent repair. Attorney’s fees are not recoverable in actions for negligent car repair. And, attorneys’ fees are not recoverable for pursuing claims against a settling defendant. The trial [court] further erred in awarding legal interest on the $163,523 award of attorney’s fees “from April 28, 2006 until paid,” rather than the date of judgment — April 4, 2012.
DISCUSSION
In their first assignment of error, the defendants contend that the trial court erred in finding that the RV contained a redhibitory defect of a lack of sufficient oil or lubrication in the rear differential at the time of sale. We find merit in this assignment.
The original rear differential was disposed of after it was replaced by Wood-dale. The defendants presented the testimony of Paul Chutz, who was accepted by the trial court as an expert witness in automotive mechanics, to establish that there was sufficient oil or lubricant in the rear differential and therefore the rear differential was not defective. Mr. Chutz worked for ¡¿Hollingsworth and was the mechanic who originally diagnosed the problem with the RV as being the rear differential. It was also Mr. Chutz who admittedly was responsible for causing the RV to fall and sustain new damage. Mr. Chutz testified that he believed there was sufficient oil in the rear differential to adequately operate the RV, but he further stated that had he been given the opportunity, it was his intent to more fully examine the parts of the rear differential to *554 determine whether the “small lack of oil contributed to the failure” of the rear differential.
E.P., Services offered the testimony of James Guidry, who was accepted by the trial court as an expert in the field of rear differentials in heavy duty truck repairs, mechanics and body work. Based on his many years of experience, Mr. Guidry testified unequivocally that the lack of sufficient oil in the rear differential caused the loud noise the Percies heard while operating the RV. He further explained that there could be a lack of sufficient oil, despite there being no observable odor of burnt oil or metal shavings in the existing oil contained in the differential.
The law is well settled that where the testimony of expert witnesses differs, the trier of fact has great, even vast, discretion in determining the credibility of the evidence, and a finding of fact in this regard will not be overturned unless clearly wrong. Cotton v. State Farm Mutual Automobile Insurance Company, 10-1609, pp. 7-8 (La.App. 1st Cir. 5/6/11), 65 So.3d 213, 220, writ denied, 11-1084 (La.9/2/11), 68 So.3d 522. Considering the foregoing testimony, the trial court could have reasonably found that there was initially a lack of sufficient oil in the rear differential.
However, the record further shows, and it is undisputed, that the entire rear differential was replaced with a brand new assembly and no evidence was offered by E.P. Services to show that the new assembly was defective or did not remedy the complained of noise.
| fiUnder La. C.C. art. 2520, the seller warrants the product he sells to be free of redhibitory defects, and under La. C.C art. 2531, the seller is liable to the buyer even for redhibitory defects he was not aware of, including those that were the fault of the manufacturer. In such a case, the seller is responsible for correcting the defect. Only in the event that the seller is unable to remedy the defect is he liable for the return of the purchase price with interest, plus reimburse the buyer for his reasonable expenses. La. C.C. art. 2531; Aucoin v. Southern Quality Homes, LLC, 07-1014, pp. 10-11 (La.2/26/08), 984 So.2d 685, 693. In the absence of E.P. Services proving otherwise, the record establishes that the defendants corrected the defect, and thus should not be held liable in redhibition for the lack of sufficient oil or lubrication in the rear differential as that defect was remedied by the replacement of the rear differential. See Cazaubon v. Cycle Sport, LLC, 11-0289, p. 8 (La.App. 1st Cir. 11/9/11), 79 So.3d 1063, 1068. We therefore find the trial court erred in holding that the defendants were liable in redhibition for the RV’s rear differential. In so finding, we likewise find merit in the defendants’ second assignment of error.
As for their third assignment of error, the defendants contend that the trial court erred in ordering the rescission of the sale of the RV based on the intervening negligence of Hollingsworth. This assignment of error also has merit.
While a buyer may sue a manufacturer directly for redhibitory defects, the manufacturer can only be held liable for defects “resulting from the original manufacture” of the product. Aucoin, 07-1014 at p. 11, 984 So.2d at 693. The warranty against redhibitory defects covers only defects that exist at the time of the delivery. The defect shall be presumed to have existed at the time of delivery if it appears within three days from that time, La. C.C. art. 2530. In its oral reasons for judgment, the trial court expressly found that the Louisiana Lemon Law, La. R.S. 51:1941-1948, did not apply, but in its written reasons for judgment, the trial court [ 7nevertheless held that the RV was not “timely repaired or tendered *555 to [E.P. Services], as required by the applicable statutes.”
It is undisputed that the entire rear differential assembly was replaced; however, in the course of replacing the rear differential, Hollingsworth’s repair shop dropped the RV, causing new and different damage to the RV. As a result of this new and different damage, the RV was not returned to E.P. Services following the replacement of the rear differential due to a dispute among the parties regarding authorization of repair of the new damage.[1] Although La. R.S. 51:1943(A)(2) requires a buyer to provide the manufacturer with written notice that a motor home has been out of service a cumulative total of 90 days, it does not mandate automatic rescission upon the lapse of 90 days. Rather, La. R.S. 51:194S(A)(2) mandates that written notice and an opportunity to repair be afforded the manufacturer. Therefore, we agree that the provisions of the Louisiana Lemon Law are inapplicable in this case and further find that based on the evidence presented, it appears automatic rescission would not, in any event, be mandated under the provisions of the Louisiana Lemon Law due to the complete replacement of the rear differential.
Thus, we find no basis for holding the defendants liable in redhibition or under the Louisiana Lemon law based on the new damage caused to the RV by the negligence of Hollingsworth. Hence, the trial court erred in finding otherwise.
CONCLUSION
Accordingly, having found the trial court erred in finding the defendants liable in redhibition, we reverse the judgment of the trial court, including all costs Land damages awarded therein.[2] All costs of this appeal are cast to the appellee, E.P. Services, Inc.
REVERSED.
CRAIN, J. dissents and assigns reasons.
WELCH, J. concurs by Guidry.

. According to the testimony of Gail Percle, while offers were made to repair the damage to the body or frame of the RV caused by the negligence of Hollingsworth, because the underlying redhibition suit had already been filed in which EP Services sought rescission of the sale of the RV, Mr. Percle, as the representative of EP Services, refused to consent or authorize the repair without the agreement of the defendants and Hollingsworth to likewise authorize the repair. (R. 1412-1414)

. In so holding, the defendants’ final assignment of error regarding the trial court's award of attorney fees is rendered moot.